# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **Interstate Bakeries Corporation,** ) | **Chapter 11** |
| et al., ) | |
| ) | **Case No. 04-45814-11-JWV** |
| Debtor. ) | |
| ) | **Jointly Administered** |
| **Lewis Brothers Bakeries** ) | |
| **Incorporated and Chicago** ) | |
| **Baking Company,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **Adversary No. 08-4239-JWV** |
| v. ) | |
| ) | |
| **Interstate Brands Corporation,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ANSWER TO COMPLAINT

COMES NOW, Interstate Brands Corporation (the "Defendant"), and for its Answer to the Complaint filed by Plaintiffs in the above-captioned adversary proceeding, responds to each paragraph of the Complaint hereafter. Any averment in the Complaint that is not specifically admitted in this Answer is denied.

### JURISDICTION

1. Defendant admits the averments contained in paragraph 1 of the Complaint.

2. Defendant admits the averments contained in paragraph 2 of the Complaint.

3. Defendant admits the averments contained in paragraph 3 of the Complaint.

### PARTIES

4. Defendant admits the averments contained in paragraph 4 of the Complaint, except that Mrs. Cubbison's, Inc. filed its voluntary petition on January 14, 2006.

5. Defendant admits the averments contained in paragraph 5 of the Complaint.

6. Defendant lacks sufficient knowledge to admit or deny the averments in paragraph 6 of the Complaint, hence denies same.

## **FACTUAL BACKGROUND**

7. Defendant admits the averments contained in paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint paraphrases the Asset Purchase Agreement, which speaks for itself. To the extent that the paraphrase is inconsistent with the Asset Purchase Agreement, the Defendant denies the averments made in paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint paraphrases the License Agreement, which speaks for itself. To the extent that the paraphrase is inconsistent with the License Agreement, the Defendant denies the averments made in paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint paraphrases the License Agreement, which speaks for itself. To the extent that the paraphrase is inconsistent with the License Agreement, the Defendant denies the averments made in paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint paraphrases the License Agreement, which speaks for itself. To the extent that the paraphrase is inconsistent with the License Agreement, the Defendant denies the averments made in paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint contains averments of both law and fact. To the extent that the averments in paragraph 12 of the Complaint assert statements of law, Defendant is not required to respond to the averments. To the extent that the averments in paragraph 12 of the Complaint assert statements of fact, Defendant lacks sufficient knowledge to admit or deny the averments contained in paragraph 12 of the Complaint, hence denies same.

13. Defendant denies the averments contained in paragraph 13 of the Complaint. In Debtor's Motion for an Order Pursuant to 11 U.S.C. §§ 105(a) and 365(a) Authorizing Rejection of the Certain License Agreement with Lewis Brothers Bakeries Incorporated and Chicago Baking Company (the "Rejection Motion"), which is hereby incorporated by reference, the Debtors aver the opposite, that the license agreement is an executory contract.

14. Defendant admits communications with counsel for LBB/CBC in or about October 2008 of the nature described therein, including but not limited to providing assurance that "as required by the Bankruptcy Code, any attempt by IBC to assume, assume and assign, or reject the License Agreement will only be done after appropriate notice and opportunity for a hearing", but lacks sufficient knowledge to admit or deny the averments contained in paragraph 14 of the Complaint that such assurance was not "satisfactory", hence denies same.

15. Paragraph 15 paraphrases the Plaintiffs' objection to the Debtors' Plan, which speaks for itself. To the extent that the paraphrase is inconsistent with the Plaintiff's objection, the Defendant denies the averments made in paragraph 15.

16. Debtor lacks sufficient knowledge to admit or deny the averments contained in paragraph 16 of the Complaint, hence denies same.

**COUNT I – DECLARATORY JUDGMENT THAT THE LICENSE AGREEMENT BETWEEN LBB AND IBC AND CBC IS NOT AN EXECUTORY CONTRACT**

17. The Debtor incorporates its responses to paragraphs 1 through 16 of the Complaint above as though fully set forth herein.

18. Paragraph 18 of the Complaint contains averments of both law and fact. To the extent that the averments in paragraph 18 of the Complaint assert statements of law, Defendant is not required to respond to the averments. To the extent that the averments in paragraph 18 of the

Complaint assert statements of fact, Defendant denies the averments contained in paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint contains averments of both law and fact. To the extent that the averments in paragraph 19 of the Complaint assert statements of law, Defendant is not required to respond to the averments. To the extent that the averments in paragraph 19 of the Complaint assert statements of fact, Defendant denies the averments contained in paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint contains averments of law and not fact. To the extent that the averments in paragraph 20 of the Complaint assert statements of law, Defendant is not required to respond to the averments.

21. Paragraph 21 of the Complaint contains averments of both law and fact. To the extent that the averments in paragraph 21 of the Complaint assert statements of law, Defendant is not required to respond to the averments. To the extent that the averments in paragraph 21 of the Complaint assert statements of fact, Defendant denies the averments contained in paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint contains averments of both law and fact. To the extent that the averments in paragraph 22 of the Complaint assert statements of law, Defendant is not required to respond to the averments. To the extent that the averments in paragraph 22 of the Complaint assert statements of fact, Defendant denies the averments contained in paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint contains averments of both law and fact. To the extent that the averments in paragraph 23 of the Complaint assert statements of law, Defendant is not required to respond to the averments. To the extent that the averments in paragraph 23 of the

Complaint assert statements of fact, Defendant denies the averments contained in paragraph 23 of the Complaint.

## AFFIRMATIVE DEFENSES

24. Defendant incorporates its responses set forth in paragraphs 1 through 23 above as though full set forth herein.

25. The Complaint fails to state a claim upon which relief can be granted.

26. As a further, separate and alternative defense, Plaintiff's claim may be barred, in whole or in part, by one or more of the following doctrines: laches, ratification, waiver, estoppel, unclean hands, and/or the relevant statute of limitations.

27. The License Agreement is an executory contract. Plaintiff's claim is therefore without merit.

28. Defendant reserves the right to hereafter plead or disclose any affirmative defense or any other matter constituting an avoidance or affirmative defense.

## COUNTERCLAIM

29. Interstate Brands Corporation ("IBC") incorporates its responses set forth in paragraphs 1 through 28 above as though full set forth herein.

30. For the reasons stated in the Rejection Motion, the License Agreement between IBC and Plaintiff is an executory contract within the meaning of 11 U.S.C. § 365, and should be rejected.

ACCORDINGLY, Interstate Brands Corporation respectfully requests that this Court enter an order:

    a. Denying the relief requested in the Complaint;

b. declaring that the License Agreement is an executory contract within the meaning of 11 U.S.C. § 365;

c. authorizing the Defendant to reject the License Agreement in accordance with the Rejection Motion; and

d. granting such other and further relief that this Court deems just and proper.

Respectfully submitted,

  /s/ Nicholas J. Zluticky
Paul M. Hoffmann (MO # 31922)
Nicholas J. Zluticky (MO # 61203)
STINSON MORRISON HECKER LLP
1201 Walnut, Suite 2900
Kansas City, MO 64106-2150
Telephone: (816) 691-2746
Facsimile: (888) 691-1191

Attorneys for the Debtors
and Debtors-in-Possession